**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-24708-CIV-MORENO/D'ANGELO**

**LUIS FELIPE SIMON BROCHE,**

      **Petitioner,**

**vs.**

**GARRETT RIPA, Director of Miami**
**Field Office, U.S. Immigration and**
**Customs Enforcement, et al.,**

      **Respondents.**

_____/

**REPORT AND RECOMMENDATION**
**DISMISSING PETITION FOR HABEAS CORPUS**

**THIS CAUSE** is before the Court on Petitioner Luis Felipe Simon Broche's Verified Petition for Habeas Corpus (DE 1).[1]  On November 18, 2025, Petitioner filed a Motion to Expedite Petition and Award Writ (DE 6).  On December 22, 2025, Respondents responded to the Petition (DE 9).[2]  On January 9, 2026, Petitioner replied to the response (DE 10).  On February 20, 2026, the Court held a motions hearing on the Petition and the pending motion (DE 30).  The same day, the Court entered an order striking docket entries 15, 16, 18, 20, 22, 23, and 25 for failure to comply with the Local Rules on filing a Notice of Supplemental Authority (DE 29).  The Court permitted the Parties until February 25, 2026 to file renewed Notices of Supplemental Authority

---

[1] This matter was referred to the undersigned Magistrate Judge on January 30, 2026 to take all necessary and proper action as required by law with respect to any and all pretrial matters (DE 13).

[2] Respondents state that because Petitioner is currently detained at Broward Transitional Center, his immediate custodian, Assistant Field Office Director Juan Gonzalez, is the proper Respondent in this case (DE 9 at n.1); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.").

that comply with Local Rule 7.8 (*id*.).  On February 25, 2026, Petitioner timely filed a renewed Notice of Supplemental Authority (DE 31).  Having considered the arguments, the relevant legal authorities, and the pertinent portions of the record, and being otherwise fully advised in the premises, for the reasons stated below, it is respectfully recommended that Petitioner's Verified Petition for Habeas Corpus (DE 1) be **DISMISSED** for lack of subject matter jurisdiction.

## I.    FACTUAL BACKGROUND

Petitioner is a native and citizen of Cuba (*id*. ¶ 1).  He is married to a United States lawful permanent resident and is the father to a one-year-old United States citizen (*id*. ¶, 46).  On May 16, 2022, Petitioner entered the United States without inspection and was apprehended by Department of Homeland Security ("DHS") officers (*id*. ¶¶ 7, 47; DE 27-1; DE 9-4 ¶¶ 5-6).  The next day, DHS issued a Notice to Appear in immigration court for removal proceedings and released Petitioner on his own recognizance under Section 236 of the Immigration and Nationality Act ("INA") (DE 1 ¶ 7).  The Notice to Appear charged Petitioner with inadmissibility under Section 212(a)(6)(A)(i) of the INA as an alien present in the United States without being admitted or paroled or who entered the United States at time or place not designated by the Secretary of Homeland Security (DE 9-4 ¶ 7).

On October 4, 2022, Petitioner filed an asylum application (DE 1 ¶ 8).  On June 17, 2025, Petitioner complied with the Notice to Appear and appeared in immigration court (*id*. ¶ 9).  Upon DHS's *ore tenus* motion, the immigration judge dismissed Petitioner's Section 240 removal proceedings, which placed Petitioner in the expedited removal process (*id*.).  When Petitioner and his counsel exited the courtroom, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner (*id*. ¶ 10).  On the same day, ICE issued a Notice and Order of Expedited Removal, which subjected Petitioner to expedited removal proceedings (*id*. ¶ 11; DE 9-7).   Before he was

apprehended and detained, Petitioner had been continuously present in the United States for over three years (DE 1 ¶ 46). Since his arrest, Petitioner has remained in ICE custody at the Broward Transitional Center (*id.* ¶ 15).[3]

On June 18, 2025, Petitioner filed a motion to reconsider the dismissal of his removal proceedings with the immigration judge, which was denied (DE 9-4 ¶ 10; DE 1 ¶ 54). On June 23, 2025, Petitioner filed a motion for custody redetermination and request for release on bond (DE 28-1; DE 9-4 ¶ 11). On June 24, 2025, Petitioner requested a Credible Fear Determination and as of the filing of the Petition, he had yet to be granted a Credible Fear Interview pursuant to that request (DE 1 ¶ 52; DE 9-4 ¶ 14). On June 25, 2025, Petitioner appealed the order dismissing his Section 240 removal proceedings (DE 1 ¶ 56). On July 1, 2025, the immigration court conducted a bond hearing, and an immigration judge issued a written decision and an oral ruling denying Petitioner's request, explaining that Petitioner was subject to mandatory detention and therefore ineligible for a bond (*id.* ¶ 57; DE 28-1 at 4).

Petitioner appealed the denial of custody determination to the Board of Immigration Appeals ("BIA") (DE 9-4 ¶ 15). On August 6, 2025, ICE Enforcement and Removal Operations denied Petitioner's request for release (DE 1 ¶ 58). On September 4, 2025, Petitioner filed a motion to remand, and on September 11, 2025, ICE Enforcement and Removal Operations denied Petitioner's renewed request for relief (*id.* ¶¶ 59-60). On February 5, 2026, the BIA dismissed Petitioner's appeal and affirmed the immigration judge's decision to grant DHS's motion to dismiss the Section 240 removal proceedings (DE 24; Resp. Ex. 1). After the BIA denied Petitioner's appeal, he filed the instant Petition and requested expedited relief.

---

[3] In the Petition, the paragraphs on pages 6 and 7 are misnumbered. The factual source for this statement appears on page 6 (DE 1 at 6).

Petitioner alleges five counts in his Verified Petition for Habeas Corpus (DE 1).  In Count I, Petitioner claims that his Fifth Amendment rights to Due Process were violated, because neither he nor his counsel were advised that DHS sought to terminate his proceedings and place him in expedited removal, which denied him rights associated with a pending asylum application (*id*. ¶¶ 61-71).  In Count II, Petitioner alleges a violation of the Administrative Procedure Act ("APA"), because Respondents categorically revoked Petitioner's release without making a finding that he was a danger to the community, a flight risk, or that there was a change in circumstances (*id*. ¶¶ 72-79).  In Count III, Petitioner alleges a violation of his Fifth Amendment rights to Due Process, because the January 2025 designation does not apply to individuals who entered the United States before its effective date (*id*. ¶¶ 80-83).  In Count IV, Petitioner alleges another violation of the APA, because Respondents dismissed Petitioner's removal proceedings, as they intended to eliminate due process rights available to Petitioner, and the dismissal was not made in furtherance of an enumerated reason set forth in the regulations (*id*. ¶¶ 84-89).  In Count V, Petitioner argues that his Fifth Amendment rights to procedural Due Process were violated, because Respondents chose to re-detain Petitioner after his initial release, without a determination that he was a flight risk or a danger to the community (*id*. ¶¶ 90-93).

On February 20, 2026, the Court held a motions hearing, at which the Court heard the arguments of the Parties and received additional exhibits into evidence (DE 30).  The Court received Petitioner's Exhibits A, B, and D and Respondent's Exhibit 1 without objection (*id*.).  Exhibit A is the Warrant of Arrest of Alien issued on May 17, 2022, when Petitioner was initially taken into custody upon entering the United States (DE 27-1).  Exhibit B is the Order of Release on Recognizance issued to Petitioner on May 18, 2022, when he was released from custody upon his initial entry (DE 27-2).  Exhibit D is the Notice to Appear issued to Petitioner, requiring him

4

to appear at a hearing before an immigration judge on February 25, 2026 (DE 26-1).  Exhibit 1 is the BIA's February 5, 2026 decision affirming the immigration judge's decision to dismiss Petitioner's Section 240 removal proceedings (DE 24).

Respondents explained that while his appeal was pending with the BIA, Petitioner was placed into removal proceedings under Section 1229(a) and detained under Section 1225(b)(2)(A) (DE 9 at 3-4).  However, once Petitioner's appeal was dismissed by the BIA on February 5, 2026, Petitioner was placed in expedited removal proceedings under Section 1225(b)(1) (DE 24; Resp. Ex. 1).  At the February 20, 2026 hearing, counsel for Petitioner represented that the prior dismissal of Petitioner's Section 240 proceedings also dismissed his asylum application that was pending at the time, so there is currently no active asylum application.  In any event, because Petitioner indicated an intention to apply for asylum, Petitioner had a Credible Fear Interview under Sections 1225(b)(1)(A)(ii) and (b)(1)(B), at which it was determined that Petitioner had established a credible fear (Pet. Ex. D).  As a result, Petitioner was issued a Notice to Appear before an immigration judge on February 25, 2026 for further proceedings related to his claim of asylum (*id.*).  On March 13, 2026, Petitioner's motion for custody determination was denied by the immigration judge (DE 32-1).

## II.   **LEGAL STANDARD**

Under Title 28, United States Code, Section 2241(a), district courts have authority to grant writs of habeas corpus.  28 U.S.C. § 2241(a).  "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008).  Section 2241(c)(3) authorizes "any person to claim in federal court that he or she is being held 'in custody in violation of the Constitution or laws . . . of the United States.'"  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing § 2241(c)(3)).  "This jurisdiction extends to petitioners challenging their detention under

our immigration laws." *Hernandez v. Miami Field Office Director, et al.*, No. 26-CIV-20440, 2026 WL 554694, at *1 (S.D. Fla. Feb. 27, 2026) (citation omitted).

## III.  DISCUSSION

Petitioner argues that the Due Process Clause of the Fifth Amendment protects "all persons" within the United States, including non-citizens whose presence in the country is unlawful (DE 1 ¶ 61).  By detaining him under Section 1225 after initially releasing him under Section 1226, Petitioner claims that Respondents violated his due process rights, and Section 1226 governs "interior courthouse arrests" (*id*. ¶ 93; DE 10 at 2).   In addition to challenging his detention without a bond hearing, Petitioner argues that he is not eligible for expedited removal proceedings, because he has been present in the United States for more than three years continuously (DE 1 ¶ 93; DE 10 at 10-12).

Petitioner further argues that placing him in expedited removal proceedings while he had an outstanding asylum application violated his due process rights (DE 1 ¶ 69).  At the February 20, 2026 hearing, Petitioner argued that Respondents chose to operate under Section 236 of the INA and therefore, cannot decide to "flip the switch" on Petitioner.  Petitioner stressed that Respondents could have chosen to apply Section 235 to Petitioner at the time of his initial encounter at the border but did not.  Ultimately, Petitioner requests that the Court assume jurisdiction over this matter, declare that Petitioner's re-detention without an individualized bond determination violates due process, release Petitioner from custody, prohibit Respondents from transferring Petitioner without the Court's approval, and award Petitioner attorney's fees and costs (DE 1 at 28).

Respondents argue that the Court lacks subject matter jurisdiction to review Petitioner's claims now that he is subject to expedited removal proceedings under Section 1225(b)(1) (DE 9 at

6

21-22; DE 24; Resp. Ex. 1).  Respondents further contend that Petitioner is lawfully detained as an "applicant for admission" under Section 1225(a)(1), because Petitioner entered the United States without inspection and is an alien present without admission (DE 9 at 6).  Respondents argue that arriving aliens and applicants for admission may be removed from the United States through expedited removal procedures under Section 1225(b)(1) or removal proceedings before an immigration judge under Sections 1225(b)(2)(A) and 1229(a) (*id*.).   Respondents argue that Petitioner is properly subject to expedited removal, because he is an applicant for admission who entered illegally, without valid documentation, and he was intercepted upon entry (*id*. at 17-22). According to Respondents, the plain language of Sections 1225(b)(1) and (2) requires detention without a bond hearing during the entirety of removal proceedings for all applicants for admission (*id*. at 22).  Respondents argue that Petitioner is entitled to the process set forth in the INA, which only provides for relief from detention through the parole procedure that is solely in the discretion of the Secretary of DHS (*id*. at 24-25).  Respondents further contend that Petitioner lacks standing to bring claims under the APA, because Petitioner has an adequate remedy by way of habeas corpus relief (*id*. at 25-26).

Petitioner asserts that this Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651 (DE 1 ¶¶ 15-17).[4]  Respondents, on the other hand, assert that the Court does not have jurisdiction to review Petitioner's claims based on Sections 1252(a)(2)(A)(i) and (e), which deprives the Court of jurisdiction to consider the propriety of his continued detention (DE 9 at 2, 21-22).  Specifically, Respondents argue that because Petitioner is detained pursuant to Section 1225(b)(1)(B)(iii)(IV), which governs expedited removal proceedings, Petitioner's

---

[4] The factual source for this statement appears on page 7 (DE 1 at 6).

detention "arises form" and "relates to" the operation and implementation of his expedited removal order, which the Court cannot review (*id*. at 21). Respondents argue that Congress placed such limitations on judicial review through its power over the admission of aliens, and where Congress has indicated its intent to preclude judicial review with respect to the admissibility of aliens, the Court lacks subject matter jurisdiction to consider Petitioner's claims (*id*. at 22).

The Court must first address Respondents' jurisdictional challenge before it can reach the merits of Petitioner's claims. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts are obligated to investigate whether subject-matter jurisdiction exists, even when it is not raised by the parties. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). Furthermore, because Congress's legislative power over the admission of aliens is so broad, courts have a "limited scope of judicial inquiry into immigration legislation." *Fiallo v. Bell*, 430 U.S. 787, 792 (1977).

Section 1252(a)(2)(A) places jurisdictional limits on the Court's ability to review various aspects of the expedited removal process. Under that section, courts lack jurisdiction to review the following matters related to Section 1225(b)(1):

> (i) except as provided in subsection (e), any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title,
> (ii) except as provided in subsection (e), a decision by the Attorney General to invoke the provisions of such section,
> (iii) the application of such section to individual aliens, including the determination made under section 1225(b)(1)(B) of this title, or
> (iv) except as provided in subsection (e), procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1) of this title.

8 U.S.C § 1252(a)(2)(A). Under Section 1252(e)(2), judicial review of a determination made under Section 1225(b)(1) is available in habeas corpus proceedings only as to: "(A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under such section, and (C)

whether the petitioner can prove . . . that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee . . . , or has been granted asylum. . . ." 8 U.S.C. § 1252(e)(2); *see also* 8 U.S.C. § 1252(e)(5) ("In determining whether an alien has been ordered removed under section 1225(b)(1) of this title, the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal.").

In *Chaviano v. Bondi*, the Court analyzed whether it had jurisdiction under Sections 1252(a) and (e) to review the petitioner's eligibility for expedited removal and his detention without a bond hearing, when he had lived in the United States continuously for more than two years. No. 25-CIV-22451, 2025 WL 1744349, at *4 (S.D. Fla. June 23, 2025). In that case, the petitioner, a native citizen of Cuba, entered the United States on February 7, 2022 without inspection and was immediately apprehended and detained. *Id*. at *1. Shortly thereafter, the petitioner was released on his own recognizance. *Id*. On May 22, 2025, the petitioner attended his scheduled hearing, at which the immigration court dismissed his removal proceedings. *Id*. at *2. The petitioner was detained immediately after the hearing and placed in expedited removal proceedings under Section 1225(b)(1). *Id*. In analyzing the petitioner's claims, the Court agreed with the respondents' argument that the jurisdiction-stripping provisions of Sections 1252(a) and (e)(2) barred it from reviewing the petitioner's habeas petition. *Id*. at *4. The Court held that because the petitioner challenged the applicability of the expedited removal provisions due to his presence in the country for over two years, such challenges do not fall within the three bases for review set forth in Section 1252(e)(2). *Id*. Furthermore, the Court determined that the petitioner's detention "arises from" and is "related to" the expedited removal order, which is foreclosed by the limiting provisions in Section 1252(a) and (e). *Id*. at *5.

9

This case is analogous to *Chaviano*, and the *Chaviano* Court's reasoning provides persuasive guidance here.  First, both Parties acknowledge that since the BIA has dismissed his appeal, Petitioner is being processed under Section 1225(b)(1)'s expedited removal procedure (DE 1 ¶¶ 11, 32; DE 9 at 3, 17-22; DE 24; Resp. Ex. 1).  Like *Chaviano*, Petitioner entered the country without inspection and was apprehended, detained, and released on his own recognizance (DE 1 ¶ 47).  Petitioner appeared at his scheduled hearing where the immigration judge dismissed his Section 240 removal proceedings (*id*. ¶¶ 9-11).  Petitioner was detained immediately upon leaving the courthouse and placed into expedited removal proceedings (*id*.).  Petitioner also similarly argues that he is not eligible for expedited removal proceedings, because he has been present in the United States for more than three years continuously (DE 6 at 5).  Yet, as set forth in *Chaviano*, this Court cannot review Petitioner's challenge to DHS's determination under Section 1225(b)(1) that Petitioner is subject to expedited removal.  2025 WL 1744349, at *4; *see also S.W. v. Noem*, No. 25-CIV-9264, 2025 WL 3754067, at *8 (S.D.N.Y. Dec. 29, 2025) ("[S]ections 1252(a)(2)(A)(ii) and (iii) deprive this Court of jurisdiction over [the plaintiff's] claims which challenge the defendants' decision to invoke expedited removal."); *Zamirov v. Olson*, No. 25-CIV-6540, 2025 WL 2618030, at *2 (N.D. Ill. Aug. 29, 2025) ("[T]his court's review of [the petitioner's] habeas petition is foreclosed by the plain language of the jurisdiction-stripping provisions of § 1252(a)(2)(A)(i) to the extent he seeks review of the expedited removal order.").

Importantly, Petitioner's challenge to his expedited removal does not fall within the three bases for jurisdiction set forth in Section 1252(e)(2).  Petitioner does not request that the Court review whether he is an alien; indeed, the Parties agree he is an alien (*see* DE 10 at 15 (arguing Due Process applies to all persons in the United States, including aliens); DE 9 at 10-11).  Nor does Petitioner challenge that his removal is being carried out under Section 1225(b)(1)(B).  To

the contrary, Petitioner asks this Court to review the determination that he, who has been present in the United States for over three years, is subject to expedited removal proceedings. The final basis for jurisdiction enumerated in Section 1252(e)(2) is not applicable to the instant Petition. Furthermore, since Petitioner's detention without a bond hearing "arises from" and is "related to" the implementation of expedited removal proceedings, his challenge to his continued detention is barred under Sections 1252(a) and (e). *See Chaviano*, 2025 WL 1744349, at *5 ("[B]ecause Petitioner's detention arises from and is related to the expedited removal order, review of his challenge to his detention is also foreclosed by Sections 1252(a) and (e)'s limiting provisions.").

In his Reply, Petitioner argues that Respondents' position that the Court cannot review this case would in effect "gut the great writ of habeas corpus" (DE 10 at 12) (citation modified). Petitioner asserts that habeas writs were created as the original safeguard against unlawful executive imprisonment (*id*. at 14). Petitioner argues that Respondents' position—that Respondents' unilateral classification results in mandatory and unreviewable detention, insulated from judicial review—cannot be reconciled with the principle that the writ of habeas corpus was created to protect unlawfully detained individuals from this time of unilateral action (*id*.). Although Petitioner never explicitly invokes the Suspension Clause, which protects habeas corpus as it existed when the constitution was first adopted, his argument espouses the same view as others who have specifically relied on the Suspension Clause to argue that the Court has jurisdiction to review Petitions like the instant one.

But, this argument has previously been made and rejected. As to Petitioner's contention that he is unlawfully subject to expedited removal proceedings, the Supreme Court has rejected the notion that the jurisdictional limitations in Section 1252(e) violate the Suspension Clause in precluding the review of the denial of asylum. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591

11

U.S. 103, 117-18, 125 (2020) (rejecting a challenge to Section 1252(e) based on the Suspension Clause and holding because the alien-respondent was seeking to vacate his order of removal and be afforded a new opportunity to apply for asylum, "we have no evidence that the writ [of habeas corpus as it existed when the Constitution was adopted] could be used to require that aliens be permitted to remain in a country other than their own, or as a means to seek that permission"); *see also Chaviano*, 2025 WL 1744349, at \*6 ("[T]o the extent that Petitioner here complains of the Respondents' determination that he qualifies for expedited removal, under *Thuraissigiam*, the suspension of his right to seek habeas review of that determination does not implicate or violate the Suspension Clause").  Petitioner's challenge to his mandatory detention, as necessarily within the Court's jurisdiction to review under the writ of habeas corpus, fares no better.  *See Chaviano*, 2025 WL 1744349, at \*7 (holding where a petitioner "seeks review of the [r]espondents' determination that he qualifies for expedited removal[,] . . . based on the [Supreme] Court's opinion in *Thuraissigiam*, the suspension of the ability to seek habeas review of the [r]espondents' determination does not violate the Suspension Clause" because if the petitioner does qualify, "he is being legally detained").

Here, Petitioner does not dispute that detention is mandated under Section 1225(b)(1) in expedited removal proceedings; instead, Petitioner argues that *he* should not be processed under the expedited removal provision.  Moreover, Petitioner argues *he* should not be processed under Section 1225 at all; he is properly processed under Section 1226.  Nevertheless, since Petitioner is in expedited removal proceedings, his detention is required under the INA, and Section 1225 does not entitle an individual subject to its provisions to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) ("[Sections] 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings . . ."); *Morales v. Noem*, No. 25-CIV-62598,

12

2026 WL 236307, at *4 (S.D. Fla. Jan. 29, 2026) ("Section 1225(b)(1) and (b)(2) create two broad tracks for processing, and in many cases initiating removal proceedings against, applicants for admission. Notably, 'neither . . . says anything whatsoever about bond hearings.'" (citation omitted)).    Through Section 1252's jurisdiction-stripping provisions, Congress expressly precluded courts from reviewing Respondents' decision to invoke expedited removal.  The Court is therefore deprived of jurisdiction over the challenges raised in the Petition and does not reach the merits of Petitioner's Due Process and APA claims.  *See S.W.*, 2025 WL 3754067, at *8 (finding where Section 1252 deprives the Court of jurisdiction over a challenge to expedited removal, the Court cannot reach corresponding Due Process and APA challenges to that decision).

In sum, since Petitioner's claims do not fall within the three enumerated grounds in Sections 1252(e)(2), the Court lacks subject matter jurisdiction to consider his claims, and Petitioner has not identified any arguments that support the exercise of jurisdiction here. Moreover, the undersigned recognizes that courts throughout the country and throughout this Circuit have reached different conclusions on these issues – Petitioner has collected ample cases to illustrate this division.  *See, e.g.*, *Perez v. Mordant*, No. 25-CIV-00947, 2025 WL 3466956, at *2 (M.D. Fla. Dec. 3, 2025).  In the undersigned's view, faithful adherence to the statutory text does not support a contrary result – where the statute clearly and unambiguously exempts Respondents' determination that Petitioner is subject to expedited removal and mandatory detention without a bond hearing from judicial review, the undersigned declines to substitute her judgment for Congress's in drafting the INA (and subsequent amendments) or for the Executive's in implementing it.  *See Thuraissigiam*, 591 U.S. at 139 ("'[T]he power to admit or exclude aliens is a sovereign prerogative,' the Constitution gives 'the political department of the government' plenary authority to decide which aliens to admit; and a concomitant of that power is the power to

13

set the procedures to be followed in determining whether an alien should be admitted." (citations omitted)). Accordingly, it is respectfully recommended that the Verified Petition for Habeas Corpus (DE 1) be **DISMISSED** for lack of subject matter jurisdiction.[5]

## IV. CONCLUSION

Based on the foregoing, it is respectfully recommended that Petitioner's Verified Petition for Habeas Corpus (DE 1) be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and that Petitioner's Motion to Expedite Petition and Award Writ (DE 6) be **DENIED AS MOOT**. It is further respectfully recommended that this case be **CLOSED**.

## V. OBJECTIONS

As agreed at the February 20, 2026 hearing, the Parties will have **three (3) business days** from this Report and Recommendation to file written objections, if any, with the Honorable Federico Moreno, United States District Judge.[6] Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in this Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report, except upon grounds of plain error, if necessary, in the interest of justice. *See* 28

---

[5] The Court does not reach Petitioner's claims involving the proper statutory interpretation of Sections 1225 and 1226, or whether Petitioner is properly subject to expedited removal, as the Court lacks jurisdiction to review such claims. To the extent the District Court determines that it has jurisdiction, in the District Court's discretion, it may determine whether a remand of this matter to the undersigned Magistrate Judge for a further Report and Recommendation on the merits of Petitioner's claims is appropriate.

[6] At the February 20, 2026 hearing, the Parties requested that the Court shorten the objection period to three (3) business days in light of Petitioner's continued detention.

U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on this 20th day of March, 2026.

_____
ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc:     All Counsel of Record