UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 25-24708-CIV-MORENO**

LUIS FELIPE SIMON BROCHE,

Petitioner,

vs.

GARRETT RIPA, Director of Miami Field Office, U.S. Immigration and Customs Enforcement, *et al.*,

Respondents.
______________________________/

**ORDER DISMISSING HABEAS CORPUS PETITION FOR LACK OF JURISDICTION**

Luis Felipe Simon Broche, a Cuban alien, in "expedited removal" proceedings seeks *habeas corpus* relief under 28 U.S.C. § 2241. Because judicial review of the Executive Branch's actions in expedited removal proceedings has been limited by Congress in 8 U.S.C. § 1252(a)(2)(A), (e)(2), the Court must dismiss the Petition for lack of jurisdiction. The Magistrate Judge's Report and Recommendation is adopted and the Petitioner's objections are overruled.

## I. Background

Petitioner, Simon Broche, is a citizen of Cuba, married to a United States lawful permanent resident and father of a United States citizen. On May 16, 2022, Petitioner entered the United States without inspection and was apprehended by the Department of Homeland Security. The next day, the Department of Homeland Security issued a Notice to Appear in immigration court for removal proceedings and released Petitioner under Section 236 of the Immigration and Nationality Act, codified at 8 U.S.C. § 1226. The Notice to Appear charged Petitioner with inadmissibility under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act as an alien

present in the United States without being admitted or paroled or who entered the United States at a time or place not designated by the Secretary of Homeland Security.

On October 4, 2022, Petitioner filed an asylum application. Nearly three years later, on June 17, 2025, Petitioner complied with the Notice to Appear and appeared in immigration court. During those three years, Petitioner continuously remained in the United States. Upon the Government's motion at the hearing, the immigration judge dismissed Petitioner's Section 240[1] removal proceedings, which placed him in an expedited removal process under 8 U.S.C. § 1225(b)(1). When Petitioner and counsel exited the courtroom, Immigration and Customs Enforcement (ICE) agents arrested Petitioner. Then ICE issued a Notice and Order for Expedited Removal, which subjected the Petitioner to expedited removal proceedings. The Petitioner has remained in ICE custody since his arrest.

On June 18, 2025, Petitioner filed a motion to reconsider the dismissal of his § 240 removal proceedings, which the immigration judge denied. On June 23, 2025, Petitioner filed a motion for custody redetermination[2] and a request for release on bond. On June 24, 2025, Petitioner requested a credible fear determination and obtained a favorable result. On June 25, 2025, Petitioner appealed the dismissal of the § 240 removal proceedings. The immigration court conducted a bond hearing on July 1, 2025, and issued a written decision and oral ruling denying the request for bond stating that the Petitioner was ineligible for a bond and subject to mandatory detention pursuant to the expedited removal statute. The immigration court did not reach the issue of whether Petitioner was a flight risk. Petitioner filed a second motion for custody

---

[1] Section 240 of the Immigration and Nationality Act is codified at 8 U.S.C. § 1229a, the framework for formal removal proceedings in the United States.

[2] A Motion for Custody Redetermination is a formal legal request asking an immigration judge to review and change an initial decision made by the Department of Homeland Security (DHS) regarding a detained immigrant's custody status or bond amount.

redetermination, which the immigration court denied on March 13, 2026. Petitioner asserts that he has spent over 15 months in custody without a finding that he is a risk of flight. Before his arrest, he complied with the Department of Homeland Security's release conditions for approximately three years, has close family ties in Florida, and no known criminal record.

Petitioner appealed the denial of the custody redetermination to the Board of Immigration Appeals. On August 6, 2025, ICE Enforcement and Removal Operations denied Petitioner's request for release. On February 5, 2026, the Board of Immigration Appeals dismissed Petitioner's appeal and affirmed the immigration court's decision to dismiss the section 240 removal proceedings in favor of expedited removal proceedings. On June 2, 2026, the immigration court denied Petitioner's application for adjustment of status under the Cuban Adjustment Act and ordered him removed to Cuba. That order is on appeal before the Board of Immigration Appeals.

Petitioner filed this *habeas corpus* petition under 28 U.S.C. § 2241 alleging five counts. In Count I, Petitioner claims that his Fifth Amendment rights to Due Process were violated, because neither he nor his counsel were advised that the Department of Homeland Security sought to terminate his proceedings and place him in expedited removal, which denied him rights associated with a pending asylum application. In Count II, Petitioner alleges a violation of the Administrative Procedure Act (APA), because Respondents categorically revoked Petitioner's release without making a finding that he was a danger to the community, a flight risk, or that there was a change in circumstances. In Count III, Petitioner alleges a violation of his Fifth Amendment rights to Due Process, because the January 2025 designation does not apply to individuals who entered the United States before its effective date. In Count IV, Petitioner alleges another violation of the APA, because Respondents dismissed Petitioner's removal

proceedings, as they intended to eliminate due process rights available to Petitioner under 8 U.S.C. § 1229a (section 240 removal proceedings). In Count V, Petitioner argues that his Fifth Amendment rights to procedural due process were violated, because Respondents chose to re-detain Petitioner after his initial release, without a determination that he was a flight risk or a danger to the community.

## II. Legal Standard

District courts have authority to grant writs of *habeas corpus*. 28 U.S.C. § 2241(a). "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). Section 2241(c)(3) authorizes "any person to claim in federal court that he or she is being held 'in custody in violation of the Constitution or laws . . . of the United States.'" *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing § 2241(c)(3)). "This jurisdiction extends to petitioners challenging their detention under our immigration laws." *Hernandez v. Miami Field Office Director, et al.*, No. 26-CIV-20440, 2026 WL 554694, at *1 (S.D. Fla. Feb. 27, 2026) (citing *Zadyvas*, 533 U.S. at 687).

## III. Legal Analysis

A. *Expedited Removal Framework*

The Immigration and Nationality Act provides two procedures for removing aliens from the country. The first process, called a section 240 removal proceeding, begins when the Department of Homeland Security issues the alien a Notice to Appear. *Rosabal Blanco v. Bondi*, No. 2:26-CV-00051-SPC-DNF, 2026 WL 214369, at *1 (M.D. Fla. Jan. 28, 2026). This process provides an evidentiary hearing before an immigration judge and an opportunity to apply for asylum. The Petitioner, Simon Broche, was originally placed in a section 240 removal proceeding.

The second process for removing aliens is expedited removal under 8 U.S.C. § 1225(b)(1). Because expedited removal affords aliens fewer rights, the Immigration and Nationality Act limits its applicability. *Id.* Aliens may be eligible for expedited removal, rather than section 240 (removal proceedings), when they either lack proper entry documents or falsified or misrepresented an application for admission. 8 U.S.C. § 1225(b)(1)(A)(i). Among that set, only two still narrower categories of aliens are eligible for expedited removal under § 1225(b)(1): (1) aliens "arriving in the United States," and (2) aliens who were not admitted or paroled and who cannot affirmatively show continuous physical presence for at least the 2-year period immediately prior to the date of the determination of inadmissibility. *Make the Road New York v. Mullin*, 179 F.4th 16, 20-21 (D.C. Cir. 2026); 8 U.S.C. § 1225(b)(1)(A)(i)–(iii). The statute permits the Attorney General (who has since delegated the authority to the Department of Homeland Security Secretary) to designate the population of aliens within that second category who will be subject to expedited removal. 8 U.S.C. § 1225(b)(1)(A)(iii)(I).

On January 21, 2025, Acting Secretary of Homeland Security Benjamin Huffman authorized the nationwide use of expedited removal for certain aliens who cannot demonstrate continuous physical presence in the United States for at least two years. *Make the Road New York*, 179 F.4th at 23 (citing *Designating Aliens for Expedited Removal*, 90 Fed. Reg. 8,139 (Jan. 24, 2025)). This designation expanded expedited removal to all aliens eligible under the statute. In implementing this policy, the Government "began targeting for expedited removal people already in section 240 removal proceedings, many of whom are pursuing asylum and other collateral relief." *Make the Road New York v. Noem*, 805 F. Supp. 3d 139, 152 (D.D.C. 2025). The district court explained that the Department of Homeland Security moves orally to dismiss the individual's pending § 240 removal proceeding, then arrests the individual at the courthouse

immediately upon the dismissal, which then places the person in expedited removal proceedings. *Id.* That is the fact scenario in this case.

Detention under expedited removal is mandatory. No bond hearing is provided. 8 U.S.C. § 1225(b)(1)(B)(iii)(IV); 8 C.F.R. § 235.3(b)(2)(iii). "If credible fear is found at any stage, the alien must be detained for further consideration of the asylum application." *Make the Road New York*, 179 F.4th at 21 (citing 8 U.S.C. § 1225(b)(1)(B)(ii)). "United States Citizenship and Immigration Services has 'complete discretion' over how to proceed." *Id.* (citing 8 C.F.R. § 208.30(f)). Here, a positive credible fear determination has been made, but the Respondent did not place Petitioner back in § 240 removal proceedings. Rather, on June 2, 2026, the immigration court denied the Petitioner's application for adjustment status under the Cuban Adjustment Act and ordered him removed to Cuba. That decision is pending appeal with the Board of Immigration Appeals.

As part of the expedited removal process, an alien has an opportunity to show that it does not apply to him. *Id.*, 179 F.4th at 21 (stating the regulations allow the person to present evidence that he had sufficient continuous physical presence in the United States beyond two years such that the § 1225(b)(1) is inapplicable) (citing 8 C.F.R. § 235.3(b)(6)-(7)).

*B. Jurisdiction*

Respondent argues the Court is precluded from hearing Petitioner's challenge to his detention on jurisdictional grounds. Judicial review of individual expedited removal orders is narrow. 8 U.S.C. § 1252(a)(2)(A)(i) states that federal courts lack subject matter jurisdiction to hear any claims "arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title," which is the expedited removal provision.

Section § 1252(e) is titled "Judicial Review of Orders under Section 1225(b)(1)." This section directly limits review of the expedited removal process under § 1225(b)(1), which is

what the Respondent invoked here. Section § 1252(e)(2) states that "[j]udicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of – (A) whether petitioner is an alien, (B) whether the petitioner was ordered removed under such section, and (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner" is a lawful permanent resident, a refugee, or an asylee. 8 U.S.C. § 1252(e)(2). The statute's limited jurisdiction does not extend to allow this Court to determine whether the Respondent properly invoked § 1225(b)(1) in this case based on the Petitioner's continuous presence for over two years and the Petitioner's arrest in the interior of the country.

Those are the Petitioner's two assertions here. That he is an alien is not in dispute. That he is subject to a removal order under section 1225(b)(1) is also not in dispute. Petitioner does not assert that he is a lawful permanent resident, a refugee, or an asylee. Indeed, he filed a petition for asylum. Therefore, the three narrow issues providing judicial review under § 1252(e) are not before the Court. Again, the statute precludes the Court from reviewing whether the Petitioner meets the statutory requirements of § 1225(b)(1). Accordingly, the Court finds that the Magistrate Judge correctly determined the Court lacked jurisdiction to review the Respondent's election of expedited removal under § 1225(b)(1). In short, the Petitioner's claim that he is wrongfully detained because he does not meet § 1225(b)(1)'s requirements "arises from and is related to the" Respondent's expedited removal order under § 1225(b)(1). 8 U.S.C. § 1252(a)(2)(A)(i). Accordingly, sections § 1252(a)(2) and (e)(2) foreclose judicial review. *Chaviano v. Bondi*, No. 25-CIV-22451, 2025 WL 1744349, at *4 (S.D. Fla. June 23, 2025).

Petitioner objects to the Report and Recommendation stating that he is not challenging the removal order, but is objecting to the "Government's legal authority to dismiss his case

arbitrarily and without notice, suddenly arrest him at the immigration courthouse, re-classify and then detain him under § 1225." He attempts to distinguish *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020) on the facts. In *Thuraissigiam*, the Supreme Court found § 1252(e)'s limits on judicial review constitutional. *Id.* at 140. It held that § 1252(e) did not violate the Suspension Clause, which precludes the government from suspending the writ of *habeas corpus* unless in cases of rebellion or invasion when the public safety so requires. *Id.* at 116. Petitioner argues that in *Thuraissigiam*, the detainee was always subject to § 1225(b)(1) expedited removal, and here the Respondents changed their position by dismissing the § 240 proceedings in favor of expedited removal. That distinction does not change the underlying rationale of *Thuraissigiam*, which held that the petitioner in that case did not show that "the writ of habeas corpus was understood at the time of the adoption of the Constitution to permit a petitioner to claim the right to enter or remain in a country or to obtain administrative review potentially leading to that result." *Id.* at 117. That the Respondents, here, originally instituted § 240 proceedings and then suddenly invoked expedited removal does not alter the conclusion of *Thuraissigiam*. *Id.*

C. *Effect of Hernandez Alvarez v. Warden, Federal Detention Ctr. Miami*

After the Magistrate Judge issued her Report and Recommendation in this case, the Eleventh Circuit issued *Hernandez Alvarez v. Warden, Federal Detention Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026). The Court ordered the parties to provide supplemental briefs on the impact of the Eleventh Circuit's opinion.

*Hernandez Alvarez*, 175 F.4th at 1262, holds that 8 U.S.C. § 1225(b)(2)(A)[3] limits mandatory detention without a bond to aliens seeking entry to the country, and not to aliens who

[3] Section 1225(b)(2) is separate and distinct from § 1225(b)(1).

are simply present here. The Respondents here abandoned any claim that § 1225(b)(2)(A) justifies the Petitioner's detention. Rather, the parties agree that Petitioner is being held under § 1225(b)(1). Sections 1252(a)(2) and (e)(2)'s jurisdictional limits explicitly apply to § 1225(b)(1) expedited removal and *not* to § 1225(b)(2)(A). Therefore, *Hernandez Alvarez's* holding does not apply here.

The Court understands the Petitioner's argument based on *Hernandez Alvarez*, which states that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Sylvaince v. Warden, Miami Federal Detention Ctr.*, No. 26-23991-CIV-RUIZ, 2026 WL 2568522, *2 (S.D. Fla. Aug. 31, 2026)) (quoting *Hernandez Alvarez,* 175 F.4th at 1276). This language, however, does not allow the Court to review the Respondent's decision to invoke § 1225(b)(1) as to Petitioner given the limited judicial review set forth in 8 U.S.C. § 1252(a)(2) and (e)(2). Accordingly, the Court must dismiss the Petition without prejudice.[4]

DONE AND ORDERED in Chambers at Miami, Florida, this 30th of September 2026.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Honorable Magistrate Judge Ellen D'Angelo
Counsel of Record

[4] Absent from this Petition is a claim based on *Zadvydas v. Davis*, 533 U.S. 678 (2001) based on the Petitioner's detention exceeding a six-month period. The dismissal of this Petition is without prejudice to his filing a new petition asserting a *Zadyvas* claim. *See also Clark v. Martinez*, 543 U.S. 371 (2005).